UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

Case No.  5:21-cv-00341-JWH-SP                    Date  January 22, 2024

Title  *Isadore Webb v. City of Ontario*

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Erica Bustos for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 42]**

Before the Court is the motion of Defendant City of Ontario (the "City") for summary judgment.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] as well as the oral argument of counsel, the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

---

[1]  Def.'s Mot. for Summ. J. (the "Motion") [ECF No. 42].

[2]  The Court considered the documents of record in this case, including the following: (1) Compl. (the "Complaint") [ECF No. 1]; (2) Motion (including its attachments); (3) Joint Ex. for the Motion, Parts 0001 through 0183 (the "Joint Exhibit") [ECF No. 43]; (4) Joint Statement of Undisputed Facts and Genuine Disputes (the "Joint Statement") [ECF No. 45]; (5) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 46]; and (6) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 47].

## I. BACKGROUND

Plaintiff Isadore Webb filed this lawsuit in February 2021, asserting two claims for relief: (1) a claim against Doe Defendants under 42 U.S.C. § 1983 for unreasonable use of force; and (2) a *Monell*-styled § 1983 claim against the City for unconstitutional policies, customs, or practices, *see Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).[3] Nearly two years later, and following the City's unopposed Motion to Dismiss,[4] the Court dismissed Doe Defendants 1 through 10 with prejudice,[5] effectively dismissing Webb's first claim for relief.

In December 2022, the City filed the instant Motion,[6] and it is fully briefed.[7]

## II. LEGAL STANDARD

### A.   Rule 56(a)—Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). The substantive law determines the facts that are material. *See id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Factual disputes that are "irrelevant or unnecessary" are not counted. *Id.* A dispute about a material fact is "genuine" "if

---

[3]   *See generally* Complaint.

[4]   Def.'s Mot. to Dismiss Doe Defs 1 through 10 for Failure to Effect Service and Failure to Prosecute [ECF No. 30].

[5]   *See* Order Granting Mot. to Dismiss Doe Defs 1 through 10 [ECF No. 39]; *see also* Minutes of Hr'g Re Def.'s Mot. for Summ. J. and/or Partial Summ. J. of Issues [ECF No. 49] (clarifying that the Court's dismissal of the Doe Defendants is with prejudice).

[6]   *See* Motion.

[7]   *See* Opposition; Reply.

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Under that standard, the moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *See id.* at 325. Instead, the moving party need only prove that there is an absence of evidence to support the nonmoving party's case. *See id.*; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). The party seeking summary judgment must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250.

If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *See Celotex*, 477 U.S. at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 252). The non-moving party must make this showing on all matters placed at issue by the motion as to which it has the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 252.

Furthermore, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Advisory Committee Notes, 2010 Amendment, to Fed. R. Civ. P. 56. Reports and declarations in support of an opposition to summary judgment may be considered only if they comply with Rule 56(c), which requires that they "be made on personal knowledge, set forth facts that would be admissible evidence, and show affirmatively that the declarant is competent to testify to the matters stated therein." *Nadler v. Nature's Way Prod., LLC*, 2015 WL 12791504, at *1 (C.D. Cal. Jan. 30, 2015); *see also Loomis v. Cornish*, 836 F.3d 991, 996–97 (9th Cir. 2016)

(noting that hearsay statements do not enter into the analysis on summary judgment).

### B. *Monell* Liability

To impose *Monell* liability on a municipality under § 1983, a plaintiff must prove: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounts to deliberate indifference to the plaintiff's constitutional right; and (4) "the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

## III. EVIDENTIARY OBJECTIONS

The City makes one objection to Webb's evidence in support of his Opposition, and, in particular, the City objects to Exhibit B, which is a copy of Plaintiff's Response to City of Ontario's Special Interrogatories, Set One. In reaching its instant decision, the Court did not rely on the Exhibit B nor on any of the evidence to which the City objects. Accordingly, City's evidentiary objection is **OVERRULED as moot**.

## IV. REQUESTS FOR JUDICIAL NOTICE

The City requests that the Court take judicial notice of the following documents and filings:

- a copy of the guilty plea form, signed by Isadore Webb under the penalty of perjury from the Superior Court of the State of California, County of San Bernardino, in the matter of *People v. Webb*, Case No. FWV19003050;[8]
- the Reporter's October 5, 2020, Transcript of the Sentencing of Isadore Webb from the Superior Court of the State of California, County of San Bernadino, in the matter of *People v. Webb*, Case No. FWV19003050;[9] and

---

[8]    Joint Exhibit 0001-0004.
[9]    *Id.* at 0005-0007.

- the Reporter's January 14, 2020, Transcript of the Preliminary Hearing from the Superior Court of the State of California, County of San Bernadino, in the matter of *People v. Webb*, Case No. FWV19003050.[10]

The Court may take judicial notice of matters of public record, including state court records. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir.2002) (a federal court may take judicial notice of a related state court document), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir.2012). Exhibits A, B, and C are state court filings. Accordingly, the City's requests for judicial notice are **GRANTED**.

## V.  ANALYSIS

The City moves for summary judgment in its favor on Webb's remaining *Monell*-style claim on two grounds: (1) Webb's underlying Constitutional claim is barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) Webb fails to establish liability pursuant to *Monell*. For the following reasons, the Court **GRANTS** the City's Motion.

### A.  Deprivation of a Constitutional Right

In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. "To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, [a court] must determine which acts formed the basis for the conviction. When the conviction is based on a guilty plea, [a court] look[s] at the record to see which acts formed the basis for the plea." *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006 (9th Cir.), *cert. denied sub nom. County of Sonoma v. Lemos*, 143 S. Ct. 429 (2022).

---

[10]   *Id.* at 0008-0058.

The Court concludes that Webb's excessive force claim is *Heck* barred. A judgment in favor of Webb on his unreasonable use force claim would directly challenge an aspect of his conviction or sentence. *See Heck*, 512 U.S. at 478. Webb's excessive force claim is premised on the fact that the City officers' use of excessive force was unreasonable.[11] However, pursuant to California law, a peace officer cannot be engaged in the performance of his or her duties unless the officer was using appropriate force during the course of effecting the arrest. *See People v. White*, 101 Cal. App. 3d 161, 167 (1980); *see also Smith v. City of Hemet*, 394 F.3d 689, 695-96 (9th Cir. 2005) (en banc).

Here, Webb pleaded guilty to, and was convicted of, the following: (1) two felony counts of assault with a deadly weapon on a police officer in violation of Cal. Penal Code § 245(c); (2) one felony count of assault with a deadly weapon in violation of Cal. Penal Code § 245(a); and (3) one misdemeanor count of willfully resisting, delaying, or obstructing a police officer in the performance of his duties in violation of Cal. Penal Code § 148(a).[12] Furthermore, it is undisputed that Webb stipulated that the January 14, 2020, Transcript of his Preliminary Hearing provided a factual basis for his guilty pleas.[13] To challenge the City officers' use of force, then, Webb would have to argue, as he does here, that the officers did not have a reasonable basis to use force[14] after Webb continued to resist arrest and "had his foot on the accelerator the entire time."[15] *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (analyzing claims of excessive force under the Fourth Amendment's "objective reasonableness" standard); *Estate of Martinez v. City of Fed. Way*, 105 F. App'x 897, 898 (9th Cir. 2004) (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("An officer may reasonably use deadly force when he 'has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer[s] or to others.'")); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987) (per curiam) ("It is indisputable that an automobile can inflict deadly force on a person and that it can be used as a deadly weapon."). Accordingly, the Court concludes that, if Webb's excessive force claim was successful, it would necessarily imply the invalidity of his conviction or sentence.

---

[11] *See, e.g.*, Complaint ¶¶ 14, 17, 18-25, 30, & 33.
[12] Joint Statement ¶ 1.
[13] *Id.* at ¶ 2.
[14] *See* Opposition 7:3-5.
[15] Reply 2:26-3:7; Joint Statement ¶ 3, Proponent's Reply.

*See Heck*, 512 U.S. at 487.  Thus, Webb's excessive force claim is *Heck* barred until he can show that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 486-87.

Because Webb's excessive force claim is *Heck* barred, his § 1983 *Monell* claim based upon his excessive force claim fails as a matter of law.  *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (stating that *Monell* claims are "contingent on a violation of constitutional rights").

### B. *Monell* Liability

To succeed under *Monell*, Plaintiffs "must show that their injury was caused by a municipal policy or custom."  *Los Angeles County v. Humphries*, 562 U.S. 29, 30-31 (2010).  A municipal policy is "a deliberate choice to follow a course of action . . . by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  There are three ways that a municipal entity may be held liable under *Monell*:  (1) when the entity acts "pursuant to an expressly adopted policy"; (2) when there is a "longstanding practice or custom," including a failure "to implement procedural safeguards to prevent constitutional violations" or to train its employees adequately; and (3) "when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it."  *Gordon v. County of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021) (quotations and citations omitted).

Here, the crux of Webb's *Monell* claim is that the City had a custom of ignoring or condoning excessive force, including by using militarized vehicles and K9s, and that that policy or practice proximately caused the incident at issue here.[16] Webb also points to the City's own evidence that "since the year 2017, the City has sustained approximately 36 internal investigations of officer misconduct" and "[o]nly 2 officers have been disciplined for use of excessive force."[17]  However, even if Webb had shown that he was deprived of a constitutional right, Webb fails

---

[16] Opposition 9:3-5.

[17] *Id.* at 9:6-7.

to present any evidence demonstrating "the existence of a widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citation and quotation omitted). Webb also does not present any evidence suggesting that the City tolerated or promulgated a policy or custom allowing officers to violate his rights, nor does he point to any evidence that would indicate that the City failed to hire properly and adequately train, retain, supervise, and discipline any officers. Furthermore, Webb's assertion that a jury could find that the City tolerated excessive force, based upon a single statistic, is insufficient to create a material issue of fact with respect to *Monell* liability. Accordingly, the Court **GRANTS** summary judgment in the City's favor on Webb's remaining *Monell*-style claim.

## VI.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The City's instant Motion for summary judgment is **GRANTED**. All remaining claims against the City are **DISMISSED.**

2. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: January 22, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE